JOHN R. FOUNTAIN v. FIRST NATIONAL BANK OF
WRIGHTSTOWN.

Decided July 26, 1926.

Banks—Securities Left for Safe Keeping—Plaintiff Left a Government Bond With Defendant as Security for a Loan—Loan was Paid but Bond Remained for Safe Keeping—Later, Another Loan was Made—Defendant's Cashier, Later Still, Stole the Bond—Plaintiff Claimed That Bond was Left as Security for Second Loan—Defendant Denied This and Called Cashier in Support of Its Claim—Judgment for Plaintiff Sustained on Ground That Jury Had Right to Believe Plaintiff Against Testimony of an Admitted Thief and the Official Record in the Bank's Books—Also Sustained on Ground That the Reasonableness of the Care Taken by the Defendant was a Jury Question and Its Verdict was Not Against the Weight of Evidence.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *Palmer & Powell.*

*Contra, Willis Bainbridge.*

PER CURIAM.

This suit was brought to recover the value of a government bond deposited by the plaintiff in the defendant's bank and stolen therefrom by the bank's cashier. The trial resulted in a verdict in favor of the plaintiff, and the defendant was thereupon allowed the present rule.

The facts disclosed by the proofs were as follows:

While the plaintiff, who was a captain in the army, was stationed at Camp Dix, in the years 1921 and 1922, he purchased this bond through the bank, paid part of the money down, and left the bond with the bank as security for the

payment of a promissory note which he gave for the balance of the purchase money. In due course he paid off the note, but left the bond in the bank for safekeeping. Subsequently, he borrowed more money from the bank on another note, and, as he testified at the trial, pledged this bond as collateral for the payment of the latter note. The defendant controverted this statement, claiming that the bond was merely left with it for safekeeping and not as collateral to the second note, and called the cashier who had stolen it to prove the fact. He testified that the transaction with relation to the second note was made between him, as cashier, and the plaintiff; that the bond was not pledged for the payment of the latter note, and that the transaction with relation to the second note was entered by him in the books of the company. In support of this testimony by the cashier the defendant offered its books, and they did not disclose that the bond had been pledged as collateral for the payment of this second note.

The verdict of the jury in favor of the plaintiff carries with it, by necessary inference, a finding that the bond had been pledged as collateral to secure the payment of the second note, for the court in its charge instructed them that unless they so found their verdict must be for the defendant bank, and the first ground upon which a new trial is asked is that this finding was against the weight of the evidence. We think not. The jury considered that the testimony of the plaintiff was entitled to belief as against that of an admitted thief, and the fact that the books of the bank failed to disclose that a pledge of the bond had been made they very properly considered of little importance, in view of the fact that the entry was made by the man who afterwards stole the bond.

It is further contended that, even if it be concluded that the bond was pledged to secure this note, the plaintiff was not entitled to recover its value from the bank, for the reason that there was nothing in the evidence to justify a finding by the jury that the bank was guilty of negligence in

failing to use proper precautions to protect the plaintiff against its loss by theft or otherwise. This matter was concededly one to be determined by the jury, and we think their determination that negligence on the part of the defendant bank existed was justified by the proof. The obligation of the bank as obligee was to exercise reasonable care in the safekeeping of this bond, and reasonable care is that degree of care which a prudent business man would exercise in regard to his own property of a similar kind under similar circumstances. In the present case the testimony shows that the defendant bank insured all of its own securities against loss by theft or fire or otherwise, and this was a factor to be considered by the jury in determining whether the defendant had discharged itself of the obligation to use the degree of care that we have indicated for the protection of the plaintiff's property. They found that such care had not been used, and we think they were justified in that finding.

The rule to show cause will be discharged.