WILLIAM HOLMES, RESPONDENT, v. FIRST NATIONAL BANK OF WRIGHTSTOWN, NEW JERSEY, APPELLANT.

Argued May 22, 1929—Decided October 14, 1929.

For the respondent, *Willis P. Bainbridge* and *Andrew M. Cella.*

For the appellant, *Palmer & Powell.*

The opinion of the court was delivered by

McGLENNON, J. On September 12th, 1921, the plaintiff, an officer of the United States army, while stationed at Camp Dix, purchased a one thousand ($1,000) dollar Victory Loan bond, through the defendant bank. He accepted a receipt for said bond, which stated in unmistakable terms that the bond was being left with the bank for safe keeping. Subsequently, he purchased several other Liberty Loan bonds of smaller denominations elsewhere, and took these bonds to the defendant bank, and left them there for safe keeping. The acceptance of these bonds, for such purpose, was evidenced by the notation on the receipt of September 12th, 1921, to the effect that these smaller bonds had been left with the bank for safe keeping. These notations were initialed by the officer of the bank, to whom they were delivered. These bonds of smaller denominations, together with the first bond of $1,000 were placed by the assistant cashier of the defendant bank in envelopes marked with plaintiff's name, and were then put in the vault in the bank, where securities of its own were kept. The bank also accepted securities from others for safe keeping, and these were treated in like manner. The bank carried insurance against loss by embezzlement of its own securities, as well as of those that were left with it as collateral for loans, but did not carry insurance against loss by theft of property, left with it for safe keeping.

All of plaintiff's bonds were subsequently stolen, by a defaulting cashier of the bank, and as a result of that theft, the bank was unable to deliver the bonds to the plaintiff upon demand.

This suit was then instituted against the bank, for damages in two counts—one for conversion, and one for negligence. In the course of the trial, the court dismissed the first count for lack of evidence to support a conversion, and then eliminated all questions of negligence on the part of the bank, except the question whether the bank, under all the facts and circumstances, was negligent in not insuring plaintiff's property in the same manner as it did its own securities. The jury returned a verdict in favor of the plaintiff, in the

sum of $1,520.44 and costs, and defendant appeals from the judgment entered thereon.

Numerous grounds of appeal were filed, but not being argued, they will, under our settled rule, be considered as having been abandoned. The sole question argued on both sides, and submitted for determination, is the propriety of the trial court's action, in leaving it to the jury to decide, under the above circumstances, whether the defendant was negligent in failing to insure plaintiff's property, in the same manner, that it insured its own property of similar kind. We hold that this action was correct, and that there was no error, therefore, in refusing the motion for nonsuit, as well as the motion for a direction of a verdict based upon this ground.

It was open to the jury to find from the evidence that this transaction with the plaintiff was not a casual one, but that the bank held itself out generally, to its customers, as a safe depository for such purpose. The acceptance of the securities of others, by the bank, as bailee, cast upon it the duty of exercising reasonable care in such safe keeping. Reasonable care has repeatedly been defined, as that degree of care, which a prudent business man would exercise, in regard to his own property of a similar kind, under similar circumstances. *Fountain* v. *First National Bank of Wrightstown,* 134 *Atl. Rep.* 188.

We are not to be understood, as holding, that a bailee is under a duty to insure the property of others held by it for safe keeping. We do hold, however, that it is eminently a question of fact, for the jury to determine, whether or not the failure by bailee, to insure the property of others, entrusted to it for safe keeping, was negligence, in view of the fact that the bailee held itself out as a safe place for the deposit of such securities, and insured its own property and that of others held as collateral.

In other words, we hold, that it was the province of the jury to determine, whether the bailee herein, having failed to use as good care of the property of others entrusted to its keeping, as it did for its own property, was guilty of negligence.

This was what the trial court charged the jury, and we are of the opinion that such instruction was correct.

The judgment is therefore affirmed.

*For affirmance*—THE CHIEF JUSTICE, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, WHITE, VAN BUS-KIRK, MCGLENNON, KAYS, HETFIELD DEAR, JJ. 14.

*For reversal*—None.